HLD-087 (January 2011)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4299
_____

IN RE:  MICHAEL CURTIS REYNOLDS,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 4-10-cv-01514)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 31, 2011
Before:  McKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed  : March 22, 2011)
_____

OPINION
_____

PER CURIAM.

`Michael Curtis Reynolds, a federal prisoner convicted in 2007 of various terrorism-related offenses, requests a writ of mandamus requiring the District Court to take judicial notice of all the facts he asserted in his civil case before the District Court. We will deny Reynolds's petition.

In the civil action underlying the instant mandamus petition, Reynolds

1

sought compensatory and punitive damages from two FBI agents because he was allegedly falsely arrested and maliciously prosecuted based on those agents' false statements. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(g) and determined that the action was also subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994), insofar as the alleged unconstitutional prosecution would imply the invalidity of Reynolds's 2007 federal conviction. Reynolds appealed.

While his appeal was pending, Reynolds filed the instant petition for mandamus, requesting that this Court order the District Court to take judicial notice of all of the facts alleged in his complaint and hold an evidentiary hearing on the issue.[1] He also filed motions in the District Court requesting that the District Court take judicial notice of certain facts or consider those facts admitted. It appears from those motions that Reynolds believed he was essentially entitled to a default judgment because the FBI agents had not responded to his complaint, regardless of the fact that they had never been served given the District Court's disposition of the matter. We ultimately dismissed Reynolds's appeal because it lacked legal merit.

"We have the power to issue a writ of mandamus pursuant to 28 U.S.C. § 1651(a), in exceptional cases where the traditional bases for jurisdiction do not apply." In re Pressman-Gutman Co., 459 F.3d 383, 398 (3d Cir. 2006) (quotations omitted).

---

[1] Since the instant petition pertains solely to Reynolds's civil case, we will not consider his request that we mandate a hearing pursuant to Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), in his criminal case.

2

Mandamus is a "drastic and extraordinary remedy" available only in "exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion." Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380 (2004) (citation omitted). It "is not a substitute for appeal and . . . will not be granted if relief can be obtained by way of our appellate jurisdiction." In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998). The party seeking mandamus must establish an absence of other adequate means to obtain the requested relief, a "clear and indisputable" right to the writ, and that issuance of the writ is appropriate under the circumstances. In re Pressman-Gutman Co., 459 F.3d at 399.

Mandamus is not appropriate here because it is apparent that Reynolds's petition, which was filed while his appeal was pending, is in essence a second appeal seeking to force the District Court to entertain a lawsuit it had already deemed subject to dismissal. Furthermore, nothing in Reynolds's petition establishes a clear and indisputable right to the extraordinary remedy he seeks. Accordingly, we will deny his petition for mandamus.